COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Frank

OCTAVIOUS PERSON, A/K/A
OCTAVIUS PERSON

v.      Record No. 0764-18-1

CITY OF NORFOLK DEPARTMENT
OF HUMAN SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 26, 2019

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

(Michael E. Grey; Grey & Arsenault, PC, on brief), for appellant.

(Erikka M. Massie, Assistant City Attorney; Michael L. Hockaday,
Guardian *ad litem* for the minor child, on brief), for appellee.[1]

Octavious Person (father) appeals an order terminating his parental rights to his child and

approving the goal of adoption. Father argues that the circuit court erred by terminating his parental

rights because the City of Norfolk Department of Human Services (the Department) "failed to offer

reasonable and appropriate services" to father. Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the circuit court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On February 20, 2019, appellee filed a motion for leave to file its brief late and alleged
that appellant did not send his brief to the correct address. Appellant did not note any objection
to appellee's motion. Upon consideration thereof, we grant appellee's motion and accept its
brief as timely filed.

BACKGROUND[2]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168 (2014)).

In March 2011, the child entered foster care after the Department received a report that the child's mother and her paramour tied the child's hands and feet together with shoelaces and left the child in that condition overnight. On April 8, 2011, the City of Norfolk Juvenile and Domestic Relations District Court (the JDR court) found that the child was abused or neglected.

The Department could not locate father when the child initially came into care; however, after the child had been in foster care for three months, the Department learned that father was incarcerated. Father had been convicted of sexual battery and later for failing to register as a violent sex offender. Father's expected release date from prison was February 23, 2015.

On October 10, 2012, the JDR court terminated father's parental rights and approved the goal of adoption.[3] Father appealed the JDR court's decision, and the circuit court denied the Department's petition to terminate father's parental rights and the foster care plan with the goal of adoption. The Department appealed the decision to this Court, which affirmed the circuit court's ruling. See City of Norfolk Dep't of Human Servs. v. Person, Record No. 0936-13-1 (Va. Ct. App. Jan. 14, 2014).

---

[2] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues raised by appellant. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[3] The JDR court also terminated mother's parental rights to the child.

After this Court's ruling, the Department continued to provide services to the child and made additional efforts to work with father. While incarcerated, father elected not to participate in services and programs that were offered at the prison where he was incarcerated. However, father also spent time, sometimes willingly, in segregation at prison, where he could not participate in services.

In January 2016, the circuit court found that father was a sexually violent predator and civilly committed him to the custody of the Virginia Department of Behavioral Health and Developmental Services (VDBHDS). The circuit court held annual reviews in 2017 and 2018 and recommitted father to the custody of the VDBHDS.

On May 10, 2017, the JDR court terminated father's parental rights and approved the goal of adoption. Father appealed to the circuit court.

On February 15, 2018, the parties appeared before the circuit court.[4] The Department presented evidence that the child had resided with the same foster parent since June 14, 2013, and the foster parent had indicated that he wanted to adopt the child. The child had numerous mental health, behavioral, and educational issues, which required therapy, hospitalization, and medication. The child's therapist testified that she could recall only three sessions in which the child mentioned father, and it was a "very limited conversation."

The Department also presented evidence concerning its efforts to work with father and the limitations it encountered due to father's civil commitment. Since the child entered foster care in 2011, father had sent the child three letters and one birthday card; he had sent the Department four letters. The Department communicated directly with father on "multiple occasions," and father, his counsel, and/or his guardian *ad litem* received copies of the foster care service plans. After father was civilly committed, the Department tried to contact the facility,

---

[4] Father appeared via videoconference.

but was unable to speak with anyone. The Department also attempted to obtain a copy of father's psychosexual evaluation to review the recommendations and results, but was denied access to the evaluation.

Father testified that while he was in prison from January 2015 to February 2016, he did not have access to pencils, pens, or paper because he was in isolation for refusing to comply with the prison's rules. At the beginning of his civil commitment, father could not have any contact, including third-party contact, with children; however, he could contact his attorney and receive mail from his attorney. As of November 2017, he was allowed to have contact with the child, but father testified that he did not have any contact information for the child or the Department.

At the conclusion of all of the evidence and argument, the circuit court took the matter under advisement and issued a letter opinion on March 29, 2018. The circuit court found that the evidence supported the termination of father's parental rights under Code § 16.1-283(C)(1) and (C)(2), but not (B), and that termination of father's parental rights was in the child's best interests. The circuit court recognized that father did not have a release date, but held that father's incarceration was "not the sole factor supporting termination of rights." The circuit court found that father's failure to plan for the child's future was "a strong indicator that he would be unable to properly parent even if not confined." The circuit court also found that father had never had a "meaningful relationship" with the child and had not attempted to develop a relationship with the child. On April 11, 2018, the circuit court entered orders terminating father's parental rights and approving the goal of adoption. This appeal followed.

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558 (2018)

(quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

Father argues that the trial court erred in terminating his parental rights because the Department failed to provide him with reasonable and appropriate services. Father contends that the Department should have made more efforts to stay in contact with him and to preserve his relationship with the child.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Harrison v. Tazewell Cty. Dep't of Soc. Servs., 42 Va. App. 149, 163 (2004) (quoting Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 338 (1992)).

> [W]hile long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination.

Ferguson, 14 Va. App. at 340.

Contrary to father's arguments, the Department was not required to offer him services while he was incarcerated. See Harrison, 42 Va. App. at 163-64. This Court has held that "[i]t would be patently unreasonable to require the Department, under such circumstances, to continue to offer services." Id. "[A]s long as he was incarcerated, the Department would have had no avenue available to offer [father] services aimed at assisting him in regaining custody of the child." Id. at 164.

When the child first entered foster care and father was incarcerated within the Department of Corrections, the Department established requirements for father to complete after his expected release date of February 23, 2015. For example, the Department required that father obtain and maintain stable housing and employment, as well as participate in counseling, parenting classes, and a parenting capacity assessment. The Department maintained contact with father by sending him letters and providing him copies of the foster care service plans. The Department indicated that it would contact the correctional facility to determine what services were available to father in prison, but because father did not follow the prison's rules, he was segregated from the general population and could not participate in any services. Father never took advantage of any services available to him in prison.

Father was not released from prison as expected in February 2015; instead, he was civilly committed for an indeterminable period. While he was civilly committed, father could not complete the requirements necessary for him to gain custody of the child. The circuit court found that "further communication between [the Department] and Father . . . would have been futile in rehabilitating the parent-child relationship from a practical perspective."

At the time of the circuit court hearing, the child had been in foster care for approximately seven years. Father had not completed any of the requirements necessary for the Department to consider reunification, and it was unknown when father would be released from civil commitment to complete those requirements. See Code § 16.1-283(C)(2). Furthermore, father had had very little contact with the child while the child was in foster care, and father had made no plans for the child's future. See Code § 16.1-283(C)(1). "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Tackett v. Arlington Cty. Dep't of

Human Servs., 62 Va. App. 296, 322 (2013) (quoting Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)) (alteration in original).

Considering father's situation, the circuit court did not err in holding that the Department's efforts to communicate with father and rehabilitate his relationship with the child were reasonable and appropriate.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.